## ITALIAN CASH CO-OPERATIVE ASS'N v. GREGORIA.

### No. 1816.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1938.

Rownd & Tycer, of Hammond, for appellant.

Reid & Reid, of Hammond, for appellee.

LE BLANC, Judge.

This suit originated in a foreclosure proceeding on a note dated September 22, 1932, for the sum of $300, and secured by mortgage on a tract of land of twenty acres belonging to the defendant. The note bears 8 per cent. interest per annum from date, and also provides for the payment of 10 per cent. attorney's fees if placed in the hands of an attorney for collection.

Upon notice of demand, the defendant applied to the district court for a preliminary writ of injunction against the sale of his property on the ground, as he alleges in his petition, that the mortgage note foreclosed on was made and given by him to secure necessary advances made to him by the Italian Cash Co-Operative Association, Inc., for making a strawberry crop for the season of 1933, and that at the end of that season he owed a balance of $175.28, which amount he tendered the association, but the tender was refused. He avers that he then deposited the amount of the tender in the registry of the court. The prayer of the petition for injunction is that after trial of the merits there be judgment making the writ of injunction permanent, and that the note sued on, together with the act of mortgage with which it is identified, be canceled and erased from the mortgage records of the parish of Tangipahoa.

In answer to the petition for injunction, plaintiff denied all of the allegations contained therein, save and except the one as to the tender made. This allegation was admitted.

After trial on the merits the district court rendered judgment in favor of the defendant, plaintiff in injunction, in accordance with the demands made in the prayer of the petition, and from that judgment, the plaintiff, defendant in injunction, prosecutes this appeal.

The evidence discloses that the Italian Cash Co-Operative Association, Inc.,

was engaged in the business of making advances on crop liens to strawberry growers in the vicinity of Tickfaw in the parish of Tangipahoa. The berry crop of 1932 was a dismal failure, and all the farmers, as we understand, were left owing for the advances which had been made for that year. When the time came for making advances for the following year's crop, the association demanded a mortgage on their property, from those to whom they were to be made, as security. The contention now made by it in this case is that the mortgage was to cover the unpaid advances of the previous year as well as those to be made for the crop of 1933.

The manager of the association testified that prior to 1933 he made advances to the defendant upon a simple crop lien; that at the end of the 1932 season, defendant owed the association $517.21 for which he gave his ordinary promissory note which later was credited with a payment of $70.46, leaving a balance of $446.75. He states that because of the depressing financial condition existing among the strawberry farmers, the association found it impossible to make any further advances unless defendant, and in fact all others who, like him, had remained behind, executed a mortgage note to secure both the past-due indebtedness as well as the future advances.

The defendant is very positive in his testimony that the mortgage note was executed to secure advances to be made only, and in this he is corroborated by a number of witnesses, farmers who were obliged to give a mortgage note also. It is significant, and corroborative of his testimony also, that the act of mortgage with which the note is identified makes no mention of past indebtedness, and that the manager of the association testified that the amount of $300 therein stipulated was arrived at after considering that it would be sufficient for that year.

■ It appears, moreover, that this same plaintiff had instituted a suit against the defendant on the ordinary note it held against him, for the balance of $446.75, without claiming that it held a mortgage in the way of pledge or any other form of security. Certainly this is a circumstance which gives great weight to the contentions and to the testimony of the defendant.

The advances made to the defendant for the 1933 crop amounted to the sum of $540.32. He received a credit of $375.04 from the proceeds of his crop, leaving a balance due by him of $165.28. By mathematical error the statement shows a balance of $175.28, which is the amount the defendant tendered the plaintiff and which was deposited in the registry of the court.

■ Plaintiff now complains, of the ruling of the district judge under which he was denied the right of showing that the amount of the tender was insufficient as it did not include interest and attorney's fees. But in view of its admission in answering the allegation made with regard to the tender, we think the objection was well taken and the ruling of the court on the same was correct.

We find no error in the judgment appealed from, and it is accordingly affirmed at the costs of the appellant.